

U.S. Department of Justice

United States Attorney
Eastern District of New York

NMA/ALC
F.#2014R0055

271 Cadman Plaza East
Brooklyn, New York 11201

January 23, 2014

By ECF

The Honorable Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Vincent Asaro, et al.
     Criminal Docket No. 14-26 (ARR)

Dear Judge Ross:

   Earlier today, as Exhibit A to its memorandum of law in support of pretrial detention, the government produced to defense counsel a consensual recording made by a cooperating witness for the government. Additionally, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, the government intends to produce in short order additional consensual recordings of a cooperating witness.

   The government respectfully moves for a protective order, pursuant to Fed. R. Crim. P. 16(d)(1), that would prevent the dissemination, beyond the defendants (while present with their attorneys), the defense attorneys, and the attorneys' legal staff, of the compact discs containing the consensual recordings described above that the government has produced in discovery. The government also respectfully requests that the Court order that this discovery material be returned upon the conclusion of the case. As set forth below, the government makes this application because there is reason to believe that the dissemination of such materials beyond the defense in this case will jeopardize the safety of the cooperating witness who is involved in that investigation, and the witness's family.

   Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that, upon a sufficient showing, a court may order that the discovery or inspection of material which is otherwise required be denied, restricted or deferred. The final decision on whether to enter such an order is a matter for the discretion of the district court and such an order will not be overturned absent an abuse of that discretion. United States v. Merrill, 746 F.2d 458, 465 (2d Cir. 1985). The Jencks Act does not create a proprietary right to any government

witness's statements.  The Act requires only that the government make these statements available to the defendants for the purposes of cross examination, and sets forth the timing of such disclosures.  See United States v. Garcia, 406 F. Supp. 2d 304, 305 (S.D.N.Y. 2005) ("Jencks requires the Government to produce copies of its witnesses' statements for inspection by the defense, for purposes of cross examination.  It does not give defendants a property interest in such statements, or require the multiplication of copies of internal prosecution notes or reports for whatever use the defendants choose to make of them.").

As courts have held, the danger posed to witnesses as a result of the unwarranted disclosure of discovery and Jencks Act materials is significant.  Cooperating and civilian witnesses who testify and make recordings of their criminal co-conspirators are subject to harassment or worse.  Dissemination of Jencks Act material increases the risk to cooperating witnesses, even if their cooperation has previously been disclosed.  The court in Garcia explained as follows:

> There will be cases . . . in which a casual attitude toward the handling of 3500 material is ill advised . . . .  In particular, the wide dissemination of statements by cooperating witnesses who are regarded as "snitches" or "rats" by their criminal associates . . . poses obvious dangers.  It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities.  Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness.  It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

Garcia, 406 F. Supp. 2d at 306.

A protective order preventing further dissemination of this material will not prejudice the defendants since they will have access to the material and may cross examine the government's cooperating witness about statements and conduct during the consensually recorded conversations at trial.  Similar motions have been made, and granted, in trials in this district.  See, e.g., United States v. Basciano, No. 03-CR-929 (NGG), Docket No. 420, at 28 (E.D.N.Y.) (Order dated Jan. 3, 2006); United States v. Grasso, et al., No. 12-CR-447 (SJ), Docket Nos. 51, 81 (E.D.N.Y.).

For the reasons set forth herein, the government respectfully moves for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) that would prevent the dissemination of such recordings beyond the defendants (while present with their attorneys), the defense attorneys and their legal staff.  The government also respectfully

requests that the Court order that this discovery material be returned to the government at the conclusion of this case.  Further, the government respectfully requests that any additional recordings made by cooperating witnesses provided to defense counsel in relation to the above-captioned matter (and designated as such) be subject to the terms of the attached protective order.  A proposed order is attached.

                                          Respectfully submitted,

                                          LORETTA E. LYNCH
                                          United States Attorney

By:      /S_____
           Nicole M. Argentieri
           Alicyn L. Cooley
           Assistant U.S. Attorneys
           (718) 254-6232/6389