UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -                               14 CR 26 (S-4) (ARR)

VINCENT ASARO,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


DEFENDANT VINCENT ASARO'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION <u>IN</u> <u>LIMINE</u>


THE LAW OFFICE OF
ELIZABETH E. MACEDONIO
80 Broad Street
Suite 1900
New York, New York 10004
(212) 257-6410

DIANE FERRONE, ESQ.
205 W. 54th Street
New York, New York 10019
(646) 337-9010

Defendant Vincent Asaro respectfully submits in this memorandum of law in support of his motion in limine.[1]  Specifically, Mr. Asaro moves the Court for an order granting the admission of a New York City Police Department ("NYPD") file[2], which includes a Missing Persons Report ("NYPD File").  The NYPD File is directly related to Count One, Racketeering Act Two, charging murder conspiracy, murder and accessory after the fact.  As discussed below, the NYPD File is admissible pursuant to the public records and business records exceptions to the hearsay rule.

BACKGROUND

A.  Racketeering Act Two – Murder and Conspiracy to Murder Paul Katz

Count One of the superseding indictment charges Mr. Asaro with a forty year RICO conspiracy.  Racketeering Act Two of Count One charges Mr. Asaro with conspiracy to murder and the murder of Paul Katz.  As detailed in the Memorandum of Law in Support of the Government's Motion in Limine to Admit Certain Evidence Against the Defendant at Trial dated May 27, 2015 ("Gov't 404(b) Mem."), cooperating witness ("CW-1") is expected to testify that Mr. Asaro told him that he and Jimmy Burke killed Katz.  See Gov't 404(b) Mem. at 9.

On December 7, 1969, less than 24 hours after Paul Katz's disappearance, his wife, Dolores Katz (now deceased), filed a Missing Persons Report with the NYPD in Queens County.  See Exhibit A, at Bates 1016-17.  The Missing Persons Report provides that the last time Mrs. Katz saw her husband was at 6:30 pm on December 6, 1969.  See id. at 1017.  The NYPD File

---

[1] Mr. Asaro reserves the right to bring additional motions in limine pending the production of all of the NYPD and law enforcement files relating to the investigation of the disappearance and/or murder of Paul Katz and the Lufthansa Heist.  A request for the files has been made to the government, and the files have not yet been produced to defense counsel.  Mr. Asaro also reserves the right to bring additional motions in limine to preclude the government from introducing evidence about a murder and attempted murder allegedly related to Racketeering Act Three, the Lufthansa Heist, as the Government has yet to provide a detailed written proffer of these alleged acts.

[2] The entire NYPD File (Bates 1016-1021) is annexed hereto as Exhibit A.

1

also includes four "Supplementary Complaint Reports," completed by the investigating NYPD officer. See id. at Bates 1018-21 (dated December 12, 1969; January 10, 1970; January 22, 1970; and February 2, 1970). The Supplementary Complaint Reports provide that: (1) Mr. Katz was one of five perpetrators arrested for taking a shipment of gold in the Bronx on October 17, 1969, see id. at 1018; (2) Mr. Katz left his home to meet Joseph Allegro, one of the individuals he was arrested with in the Bronx, see id.; and (3) Mr. Katz failed to return home after he left to meet Joseph Allegro. See id.

ARGUMENT

 A.  The NYPD File is Admissible as a Business Record and Public Record

"Police reports themselves may be admissible under the Federal Rules of Evidence either as business records, Fed. R. Evid. 803(6), or as public records, Fed. R. Evid. 803(8)…." See Breeden v. City of New York, 2014 WL 173249, *5 (E.D.N.Y. Jan. 13, 2014) (Ross, J.) (citing cases); see also United States v. Carneglia, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) (Weinstein, J.) (citing cases) (admitting police reports as public records, business records and/or recorded recollections).

Mr. Asaro submits that the NYPD File is admissible pursuant to the public records and business records exceptions to the hearsay rule. See Fed. R. Evid. 803(6) and (8).

As an initial matter, while Rule 803 does not require that the deponent be unavailable, Mrs. Katz is deceased and not available to testify.[3]

The Missing Persons Report, see Exhibit A, at Bates 1016-17, is a business record of the NYPD. It was made at or near the time Mrs. Katz reported her husband missing; it was kept by the NYPD in the ordinary course of business; and the making of such records is a regular

---

[3] In the event the NYPD File is deemed inadmissible, the defense will likely have to call one or more of Mr. Katz's children.

practice of the NYPD.  See Fed. R. Evid. 803(6).

We further submit that the source of information (Mrs. Katz) and the method or circumstances of preparation do not indicate any lack of trustworthiness.  See id. at 803(6)(E).  There is no evidence that Mrs. Katz was not trustworthy or that her Missing Persons Report was false.  Indeed, the Police File, including the Missing Persons Report, was relied upon by the NYPD in its subsequent investigations, as well as by the Government in the instant case.  See, e.g., Affidavit of Special Agent Robert Ypelaar dated June 13, 2013 in support of a wiretap in the instant case, Bates 59-60 ("I am also aware that police reports indicate that Katz's wife, Dolores Katz, filed a missing person's report for Paul Katz on December 7, 1960.  According to this report, Mrs. Katz noted that she last saw her husband at their apartment on Saturday, December 6, 1970 at approximately 6:30 pm, and that when he left their apartment, he told her that he was going to meet Joe Allegro…."); Affidavit of Special Agent Adam Mininni dated June 13, 2013 in support of a search warrant in the instant case, Bates 1113 ("Police reports reflect that on or about December 7, 1969, Katz's wife, Dolores Katz, filed a missing person's report for Paul Katz.  In the missing person's report, Mrs. Katz noted that she last saw her husband at their apartment on Saturday, December 6, 1969 at approximately 6:30 pm.  At the time that Paul Katz left his apartment, he told his wife that was going to meet Joe Allegro, an individual with whom he recently conducted the previously-described robbery.").  Accordingly, the government cannot argue that the "source of the information or the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Evid. 803(6).

Moreover, Mrs. Katz's Missing Persons Report is also admissible as an excited utterance, "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition, [ ], or present sense impressions describing or

3

explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." See Carneglia, 256 F.R.D. at 391 (quoting Fed. R. Evid. 803(2) and (1)) (internal quotations and citation omitted).

The Supplementary Complaint Reports annexed to the Missing Persons Report are likewise admissible as business records for the same reasons outlined above. See Fed. R. Evid. 803(6). The fact that the detective who completed the Supplementary Complaint Reports may have obtained information from another member of the police force does not render the making of the report inadmissible. Carneglia, 256 F.R.D. at 394. "Where it is normal practice for officers to accurately transmit information internally and include it in a report to be relied upon by other officers, the report is admissible as a business record. 'To satisfy Rule 803(6), each participant in the chain which created the record—from the initial observer–reporter to the final entrant—must generally be acting in the course of the regularly conducted business.'" Id. (quoting 5 Margaret A. Berger et al., Federal Evidence, § 803.08[4] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. rev. 2008)).

The Supplementary Complaint Reports are also admissible as public records. See Fed. R. Evid. 803(8). The public records exception to the hearsay rule encompasses "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii). The Supreme Court has held that "factual findings" encompass factually based conclusions and opinions. See Kokoska v. City of Hartford, 2014 WL 4724879 (D. Conn. Sept. 23, 2014) (citing Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162 (1988)). There is also no requirement that the investigator charged with making the "factual findings" have personal knowledge of the incident; it is enough that the report embodies the results of his investigation. Id. (citing Combs v. Wilkinson, 315 F.3d 548, 556-56 (6th Cir 2002) (quoting 2 McCormick Evidence § 296 (5th ed. 1999)). Accordingly, the

Supplementary Complaint Reports that are part of the NYPD File are admissible under the public records exception to the hearsay rule.

### B. The NYPD File is Also Admissible Under Fed. R. Evid. 807

Alternatively, the NYPD File is admissible under Federal Rule of Evidence 807, the residual exception to hearsay, because the statements are exculpatory and most, if not all, of the individuals who prepared the reports are not available to testify. The interests of justice require that the NYPD File be admitted, especially where there are no competent witnesses to testify to the information contained in the decade's old files. And, the NYPD Files were relied upon by the government in its instant investigation, and can hardly be found to be unreliable. Moreover, the NYPD Files are more probative on Mr. Asaro's defense to Racketeering Act Two than any other evidence because Mrs. Katz is dead, and many of the police officers involved in the investigation cannot be located or have very little, if any, recollection of the events. Indeed, the contemporaneous reports of the NYPD are, in some instances, the only evidence that Mr. Asaro can use in defense of Racketeering Act Two, the most serious charge against him.

### CONCLUSION

For the reasons set forth herein, Mr. Asaro respectfully requests that the Court grant his motion in limine in its entirety.

Dated: New York, New York
September 16, 2015

Respectfully submitted,

_____/s/_____
Elizabeth E. Macedonio
Diane Ferrone
*Attorneys for Vincent Asaro*

5