

The Law Office of
Elizabeth E. Macedonio

80 Broad Street • Suite 1900 • New York • New York • 10004
Office: 212-257-6410 • Fax: 212-257-6453 • Email: emacedonio@yahoo.com

October 7, 2015

**VIA ECF**

Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States of America v. Vincent Asaro
                   14-CR-26(ARR)

Dear Judge Ross:

      We respectfully submit the following in limine motion to preclude the government from introducing certain evidence at trial.

      To date, the government has produced approximately half of the transcripts of the recordings made by CW-1 that it intends to offer at trial. There are several excerpts that the defense objects to, and the government has informed us that they do not agree to the objections outlined herein. However, the excerpts discussed below are irrelevant to the charges against Mr. Asaro and are highly prejudicial. Accordingly, we move the Court to preclude the following excerpts of the recordings made by CW-1 from being introduced at trial.

      First, the government seemingly seeks to play a particular recording twice. See Exhibit A (Bates 7638-7645 is repetitive and largely duplicative of 7627-7637). We see no probative value to repeating a recording; to the contrary, any probative value is outweighed by the prejudice if the government is able to repeat a particular recording. Playing a recording more than once is certainly cumulative.

      Second, the government seeks to play an August 15, 2011 recording between CW-1 and Mr. Asaro's son, Jerome. See Exhibit B (Bates 7660-7665). The excerpt pertains to Jerome Asaro's alleged violation of his supervised release in connection with individuals invited to his daughter's wedding. See id. This recording is neither relevant to, nor in furtherance of, any of the charges against Mr. Asaro.

      Third, the government seeks to admit a recording between Mr. Asaro and CW-1 that largely relates to Mr. Asaro's personal gambling, both presently and historically. See Exhibit C (Bates 7691-7695). We submit that the recording the government seeks to play at trial is not

Honorable Allyne R. Ross
October 7, 2015
Page 2

relevant to "Bonanno issues" and is largely about Mr. Asaro's personal gambling.[1]

Fourth, there are several recordings in which Mr. Asaro states his opinion about certain individuals in his personal life. See Exhibit D (Bates 7575, lines 36-44; Bates 7634, lines 10 [starting at "That"] to end of line 12; Bates 7635, lines 4-7, 13-15; Bates 7641, line 45 [starting at "That"] through Bates 7642, lines 1-2; Bates 7642, lines 40-43; Bates 7643, lines 4-6; Bates 7655, lines 21-25). These statements are utterly irrelevant to the charges against Mr. Asaro. Any probative value, and we submit there is none, is far outweighed by the prejudice if these excerpts are played to the jury and thus we ask that they be excised from the recordings played at trial.

Fifth, the government seeks to play a recording in which Mr. Asaro and CW-1 discuss an individual who was arrested for a thirty year old murder. See Exhibit E (Bates 7576, line 45 through Bates 7577, lines 1-17). There does not appear to be any relevance to the charges against Mr. Asaro, and given the decades old murder charged in this case, it would be prejudicial to Mr. Asaro for the jury hear about an arrest for a different murder, that is also decades old.

We respectfully request that he Court grant this motion in its entirety, and prohibit the government from playing the recordings referred to herein.

Respectfully submitted,

/s/

Elizabeth E. Macedonio
Diane Ferrone
*Attorneys for the Defendant*
*Vincent Asaro*

cc: All Parties (ECF)

---

[1] If the Court does not agree with the defendant, in the alternative, we ask that the Court preclude lines 26-30 on Bates 7694. See Exhibit C.