```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
UNITED STATES                                                      :   14-CR-26 (ARR)
                                                                   :
     -against-                                                     :   NOT FOR ELECTRONIC
                                                                   :   OR PRINT PUBLICATION
Vincent ASARO,                                                     :
          Defendant.                                               :   FINDINGS CONCERNING
                                                                   :   TRANSCRIPT
                                                                   :   REDACTION FROM
                                                                   :   SEPTEMBER 30, 2015
------------------------------------------------------------------ X   STATUS CONFERENCE
```

ROSS, United States District Judge:

On September 30, 2015, the court held a status conference for the upcoming trial of defendant Asaro. A transcript from that conference has been requested by a member of the media. The court will release the transcript, but with certain sensitive information redacted.

While court documents in a criminal proceeding are usually subject to a "presumption of openness" to the public, the presumption has always been subject to "reasonable limitations." Richmond Newspapers, Inc. v. Virginia, 488 U.S. 555, 581 n.18 (1980). In defining these limitations, the Second Circuit has found that, in order for the presumption of openness to attach, the document sought must be a "judicial document." See U.S. v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Faced with the issue of whether a document may be classified as a 'judicial document,' and therefore accessible to the public, courts have applied varying standards.") (emphasis added). When defining a judicial document, the Second Circuit held that in order for the presumption of openness to attach the document must "be relevant to the performance of the judicial function and useful in the judicial process." Id. at 146.

The material that has been redacted here is not "relevant to the judicial process." The redacted material deals solely with logistics. The material serves no adjudicatory function whatsoever. Further, the court finds that the redactions are necessary to prevent compromising the logistical, non-adjudicatory, security arrangements discussed. Disclosure of this information would be far from the sort of "positive contribution to [the] process of self-governance" that the presumption of openness is supposed to provide. Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 518 (1984).

Lastly, even if the redacted portions were considered, "judicial," the presumption of openness still would not apply. The Second Circuit has held that "when [documents] play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." U.S. v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). The transcript of the status conference at issue here plays, at best, a "negligible" role in the performance of Article III duties, and the security interests implicated by disclosure constitute a strong "countervailing reason" to restrict public access to the redacted portions. An un-redacted version of the transcript will be filed under seal.

Allyne R. Ross
United States District Judge

Dated: October 8, 2015
Brooklyn, New York