

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  |  |
|  | *United States Attorney* |
|  | *Eastern District of New York* |
| NMA/ALC/LKG | *271 Cadman Plaza East* |
| F. #2014R00055 | *Brooklyn, New York 11201* |

October 24, 2015

By ECF

The Honorable Allyne R. Ross
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11217

   Re: United States v. Vincent Asaro
     Criminal Docket No. 14-26 (S-4) (ARR)

Dear Judge Ross:

  The government respectfully submits this letter to request certain relief for victim Lawrence Katz in connection with the pending trial in the above-captioned matter. Specifically, the government respectfully requests that Mr. Katz not be excluded from the remainder of the trial. For the reasons set forth below, Mr. Katz is entitled to attend the trial unless the Court finds by clear and convincing evidence that he should be excluded.

I.  Background

  At the start of proceedings on October 19, 2015, defense counsel requested that Mr. Katz not be called by the government until November 2, 2015 and stated, "I'd like him to be excluded from the courtroom, in the interim." See Trial Transcript, Oct. 19, 2015, at 401:24-402:02 (attached hereto as Exhibit A). The Court granted those requests and ruled, "[h]e will be excluded. Any potential witness should be excluded." Id. at 402:2-3. In accordance with the Court's order, Mr. Katz did not attend the first week of trial.

II.    Analysis

    A.    Applicable Law

    Pursuant to the Crime Victims' Rights Act (the "Act"), a crime victim[1] has:

> [t]he right not to be excluded from any [] public court proceeding [involving the crime of which he is a victim], unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. § 3771(a)(3).

    The government is required under the Act to make its "best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)" of the Act, including but not limited to the right to attend public proceedings involving the relevant crime. Id. § 3771(c).

    In order for a victim to obtain relief under the Act, the government may file a motion pursuant to 18 U.S.C. § 3771(d)(3) for such relief on the victim's behalf in the district court in which the defendant is being prosecuted for the relevant crime.

    B.    Discussion

    During the relevant discussion on October 19, defense counsel advanced no argument as to why Mr. Katz's anticipated testimony would be "materially altered" by his hearing other trial testimony, and failed to identify any specific testimony that would have such an effect. Further, the Court did not make a finding by clear and convincing evidence that Mr. Katz must be excluded from trial until after he testifies. Therefore, in accordance with the dictates of the Act, the government respectfully requests that Mr. Katz be permitted to attend trial unless and until the defendant presents clear and convincing evidence that he must be excluded. In presenting any such evidence, the defendant must identify with specificity the upcoming trial testimony that would materially alter Mr. Katz's testimony if he heard it and explain why Mr. Katz's hearing such testimony would have that effect. Further, the government respectfully requests that, in the event the defendant makes such a

---

[1] Where a crime victim is deceased, as Paul Katz – the victim of the murder alleged in Count One, Racketeering Act Two of the above-captioned indictment – is here, the victim's family members assume his rights under the Crime Victims' Rights Act (the "Act"). See 18 U.S.C. § 3771(e)(2)(B).

2

showing, the Court make a finding that there is clear and convincing evidence justifying Mr. Katz's exclusion for some or all of the trial testimony preceding his testimony.

                                        Respectfully submitted,

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                              By:      /S/
                                        Nicole M. Argentieri
                                        Alicyn L. Cooley
                                        Lindsay K. Gerdes
                                        Assistant United States Attorneys
                                        (718) 254-6232/6389/6155

Encl.

cc:      Clerk of Court (ARR) (by ECF)
           Defense counsel (by ECF)